**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF NEW JERSEY

Case number *(if known)* _____    Chapter __11__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy           4/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**
**For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Sur La Table, Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **91-1643409** |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business**<br><br>**150 Quaker Bridge Mall Road**<br>**Lawrenceville, NJ 08648**<br>Number, Street, City, State & ZIP Code<br><br>**Mercer**<br>County | **Mailing address, if different from principal place of business**<br><br>**6100 4th Avenue South**<br>**Suite 500**<br>**Seattle, WA 98108**<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.surlatable.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    **Sur La Table, Inc.**                                                    Case number *(if known)* _____
_____
Name

**7.    Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__4422__

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | _____ | | _____ | | _____ | |
| | District _____ | | When _____ | | Case number _____ | |

**10.   Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | **SLT Holdco, Inc.** | Relationship | **Parent** |
|---|---|---|---|---|
| | District | **New Jersey**    When    **7/08/20** | Case number, if known | |

Debtor   **Sur La Table, Inc.**                                    Case number (*if known*) _____
         _____
         Name

**11. Why is the case filed in *this district*?**    *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                           Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact name   _____

         Phone          _____

---

**■     Statistical and administrative information**

**13. Debtor's estimation of available funds**    .    *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ■ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Sur La Table, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **July 8, 2020**
MM / DD / YYYY

**X** **/s/ Jason Goldberger**
Signature of authorized representative of debtor

**Jason Goldberger**
Printed name

Title    **CEO**

**18. Signature of attorney**

**X** **/s/ Michael D. Sirota**
Signature of attorney for debtor

Date    **July 8, 2020**
MM / DD / YYYY

**Michael D. Sirota**
Printed name

**Cole Schotz P.C.**
Firm name

**Court Plaza North
25 Main Street
Hackensack, NJ 07601**
Number, Street, City, State & ZIP Code

Contact phone    **201-489-3000**       Email address    **msirota@coleschotz.com**

**MS-4088 NJ**
Bar number and State

**Fill in this information to identify the case:**

Debtor name    **Sur La Table, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known)    _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | **Declaration and signature** |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule* _____
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **July 8, 2020**      X **/s/ Jason Goldberger**
                                                     Signature of individual signing on behalf of debtor

                                                     **Jason Goldberger**
                                                     Printed name

                                                     **CEO**
                                                     Position or relationship to debtor

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | Sur La Table, Inc. |
| United States Bankruptcy Court for the: | **DISTRICT OF NEW JERSEY** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Zwilling J.A. Henckels LLC Kaj Johnson, Chief Financial Officer 270 Marble Avenue Pleasantville, NY** | **10570** | | | | | **$2,244,687.00** |
| **Le Creuset of America Chris Bauman, VP of Finance 114 Bob Gifford Blvd Early Branch, SC 29916** | **chris.bauman@lecreuset.com** | | | | | **$1,928,663.00** |
| **Scanpan USA, Inc. Natalie Giraldo, Controller 2319 E. Gladwick Street Compton, CA 90220** | **ng@scanpan.com** | | | | | **$1,443,022.00** |
| **Wusthof USA, Inc. Todd Myers, VP of Sale Catherine Celentano, Accounting Manager 333 Wilson Ave Norwalk, CT 06854** | **tmyers@wusthof.com** | | | | | **$774,300.00** |
| **Jura Inc. Tom McMahon, President Dianne Baia, Accounts Receivable 20 Craig Rd Montvale, NJ 07645** | **Tom.mcmahon@us.jura.com** | | | | | **$774,262.00** |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

| Debtor | **Sur La Table, Inc.** | | | Case number *(if known)* | | |
|--------|------------------------|---|---|--------------------------|---|---|
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **OXO International LTD Leslie Henderson, National Sales Manager Seema Dalal One Helen of Troy Plaza El Paso, TX 79912** | **lhenderson@oxo.com** | | | | | **$604,987.00** |
| **The Cookware Co. Don Hildebrand, CFO Jacob Maurer, President 660 White Plains Road, Suite 500 Tarrytown, NY 10591** | **Jacob.maurer@cookware-co.com** | | | | | **$547,419.00** |
| **Groupe SEB Kimberly Feehan, VP Business Controlling 5 Wood Hollow Rd, 2nd Floor Parsippany, NJ 07054** | **Kfeehan@groupeseb.com** | | | | | **$383,888.00** |
| **United Parcel Service, Inc. Norman Moore 400 White Clay Center Dr. Newark, DE 19711** | **nmoore@ups.com** | | | | | **$352,849.00** |
| **SalesForce.com, Inc. Joseph Sullivan Attn: SFCD General Counsel The Landmark @ One Market STE 300 San Francisco, CA 94105** | **Joseph.sullivan@salesforce.com** | | | | | **$309,780.00** |
| **Conair Corporation Lauren Miller, Sr Director 50 Millstone Road Building 100, Suite 200 East Windsor, NJ 08520** | **Lauren_miller@conair.com** | | | | | **$270,997.00** |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

| Debtor | **Sur La Table, Inc.** | | | Case number *(if known)* | |
|---|---|---|---|---|---|
| | Name | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Hearst Communications, Inc.**<br>**Office of General Counsel**<br>**Attn: Real Estate Counsel**<br>**300 West 57th Street, 40th floor**<br>**New York, NY 10019** | | | | | | **$267,516.00** |
| **Cushman & Wakefield U.S.**<br>**Jody Danahy, Director Facilities Manager**<br>**Facilities Solutions, GOS**<br>**128 N 1st St**<br>**Colwich, KS 67030** | **Jody.Danahy@cushwake.com** | | | | | **$253,181.00** |
| **Joshua Baily Shipping Co.**<br>**Joshua Baily Shipping Company, LLC**<br>**555 Madison Ave**<br>**New York, NY 10022** | | | | | | **$245,810.00** |
| **Westchester Mall, LLC**<br>**M.S. Management Associates Inc.**<br>**225 West Washington Street**<br>**Indianapolis, IN 46204-3438** | | | | | | **$245,330.00** |
| **Copley Place Associates. LLC**<br>**M.S. Management Associates Inc.**<br>**225 West Washington Street**<br>**Indianapolis, IN 46204-3438** | | | | | | **$238,712.00** |
| **Hudson One Ferry Operating, L.P.**<br>**Art Suazo, Executive Vice President**<br>**11601 Wilshire Blvd, 9th Floor**<br>**Los Angeles, CA 90025** | | | | | | **$236,861.00** |

Official form 204                    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims                    page 3

Debtor  **Sur La Table, Inc.**                                        Case number *(if known)* _____
            Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **SDD Holdings Douglas E. Whitner, Chief Revenue Office 675 Mondial Parkway Streetsboro, OH 44241** | dwhitner@spectrumdd.com | | | | | $231,375.00 |
| **Avobagel Company Limited Rudy Keller Unit 1303, Austin Tower 22-26 Austin Avenue Tsimshatsui, Kowloon** | Joanne@avobagel.com | | | | | $216,783.00 |
| **Chilewich Bob Bruno, CFO Barrett Miningham, Sales Director 39 West 19th Street New York, NY 10011** | bminingham@chilewich.com | | | | | $185,686.00 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

# United States Bankruptcy Court
### District of New Jersey

In re __Sur La Table, Inc.__ _____   Case No. _____

                                            Debtor(s)         Chapter __11__

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **SLT Holdco, Inc.**<br>**6100 4th Avenue South**<br>**Suite 500**<br>**Seattle, WA 98108** | **Common Stock** | **100** | **100% of outstanding shares** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **CEO** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   __July  8, 2020__ _____   Signature  __/s/ Jason Goldberger__ _____

                                                        __Jason Goldberger__

_Penalty for making a false statement of concealing property:_ Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
### District of New Jersey

In re    **Sur La Table, Inc.**

Debtor(s)

Case No.

Chapter    **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for    **Sur La Table, Inc.**    in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**SLT Holdco, Inc.**
**6100 4th Avenue South**
**Suite 500**
**Seattle, WA 98108**

☐ None [*Check if applicable*]

**July  8, 2020**

Date

/s/ Michael D. Sirota

**Michael D. Sirota**

Signature of Attorney or Litigant

Counsel for    **Sur La Table, Inc.**

**Cole Schotz P.C.**

**Court Plaza North**
**25 Main Street**
**Hackensack, NJ 07601**
**201-489-3000 Fax:201-489-1536**
**msirota@coleschotz.com**

**UNANIMOUS WRITTEN CONSENT
OF
THE STRATEGIC PLANNING COMMITTEE
OF
THE BOARD OF DIRECTORS
OF
SLT HOLDCO, INC.
AND
SUR LA TABLE, INC.**

**JULY 7, 2020**

The undersigned constituting the strategic planning committee (the "Strategic Planning Committee") of the board of directors (the "Board") of each of SLT Holdco, Inc. and Sur La Table, Inc. (each and collectively, the "Corporation" or the "Company"), authorize the following actions and resolutions of each Corporation in accordance with the applicable statutes of the jurisdiction of incorporation of each Corporation:

## CHAPTER 11 FILING AND STRATEGIC TRANSACTION

WHEREAS, at a meeting of the Board of each Corporation on February 5, 2020, the Board determined it to be in the best interests of the Corporation to form the Strategic Planning Committee to (i) meet and work with management of the Corporation, (ii) meet with and work with and take reports from SOLIC Capital Advisors LLC and SOLIC Capital, LLC (collectively, "SOLIC"), and (iii) meet and work with other advisors to the Corporation, in each case to identify strategic initiatives and methods to implement and execute upon those strategic initiatives and to report their actions, findings, conclusions, and recommendations to the Board; and

WHEREAS, at a meeting of the Board held on March 19, 2020, the Board (i) elected Charles Sweet (then the independent director, and Chairman of the Strategic Planning Committee) to serve as Chairman of the Board, and (ii) determined that it was in the best interest of the Corporation to delegate directly to the Strategic Planning Committee, without the need for further Board approval, certain authority that may otherwise have been reserved to the Board, and so delegated such authority as set forth in the Resolutions adopted by the Board on such date; and

WHEREAS, among the authority delegated to the Strategic Planning Committee was the power and authority to evaluate and investigate potential strategies for the restructuring or sale of the Corporation, including soliciting indications of interest to engage in a strategic transaction to purchase or invest in the Corporation and preparing for the filing of a proceeding under chapter 11 of the United States Bankruptcy Code (11 U.S.C. *et. seq*., the "Bankruptcy Code"); *provided*, *however*, that the Board retained the power and authority to approve any such transaction or filing; and

WHEREAS, at a meeting of the Board held on June 22, 2020, the Board delegated certain authority in the Strategic Planning Committee, including the power and authority to do the following:

1.    approve and authorize any strategic transaction to purchase or invest in the Corporation that in the Strategic Planning Committee's judgment is in the best interest of the Company;

2.    file petitions seeking relief under chapter 11 of the United States Bankruptcy Code on such date and in such court as in the Strategic Planning Committee's judgment is in the best interest of the Company;

3.    that once authorized by the Strategic Planning Committee, vest authority in the officers of the Company as designated by the Strategic Planning Committee (each, an "Authorized Officer"), on behalf of the Company, to

(a)    execute, verify and file all petitions; schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 11 cases, with a view to the successful prosecution of such cases;

(b)    employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code, including without limitation Cole Schotz P.C., as general bankruptcy counsel, and SOLIC, as the Company's financial advisor and investment banker; and in connection therewith, the officers of the Company be authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 cases and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

(c)    seek the use of cash collateral and provide certain adequate protection and grant certain liens to the prepetition secured lenders as documents in proposed orders to be submitted to the Bankruptcy Court;

(d)    enter into any asset purchase or similar agreements in relation to a strategic transaction to purchase or invest in the Company that in the Strategic Planning Committee's judgment is in the best interest of the Company;

(e)    take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable

to carry out the purpose and intent of each of the foregoing resolutions and to effectuate successful chapter 11 cases; and

(f)    develop, file and prosecute to confirmation of a chapter 11 plan and related disclosure statement;

4.    do all acts, and enter into all such agreements, at the Company's expense, as may be necessary or appropriate in the judgment of each member of the Strategic Planning Committee to carry out the duties of the Strategic Planning Committee contemplated by such delegated authority; and

WHEREAS, with the power and authority of the Board, and with the assistance of the management and legal and financial advisors of the Company, the Strategic Planning Committee has previously evaluated and investigated potential strategies for the restructuring and refinancing of the Companies, which included the potential filing of petitions by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code; and

WHEREAS, with the power and authority of the Board, the Strategic Planning Committee having considered, among other things, the liabilities and liquidity situation of the Company, the strategic alternatives available to the Company and the effect of the foregoing on the Company's businesses, has determined, after consultation with management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, their creditors and other parties in interest, that each Corporation file a voluntary petition for relief (the "Petitions") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), for the purpose of initiating bankruptcy cases (the "Bankruptcy Cases").

NOW THEREFORE, it is:

RESOLVED, that Jason Goldberger, the Chief Executive Officer of each Corporation, or any other Authorized Officer be, and each of them hereby is, empowered, authorized and directed, on behalf of each Corporation, to execute and verify the Petitions as well as any other documents, schedules, motions, lists, applications, pleadings, orders and other documents (the "Chapter 11 Filings"), to cause the Petitions and the Chapter 11 Filings to be filed with the Bankruptcy Court, and to take and perform any further acts and deeds that such Authorized Officers deem necessary, appropriate or desirable in connection with commencing the Bankruptcy Cases; and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them hereby is, empowered, authorized and directed to cause each Corporation to continue to conduct business operations in the ordinary course during the pendency of the Bankruptcy Cases, subject to the restrictions of the Bankruptcy Code; and it is

RESOLVED FURTHER, that the Strategic Planning Committing has determined, in light of current circumstances and after consultation with management and the legal and financial advisors of the Company, and in connection with the filing of the Bankruptcy Cases, that it is in the best interests of each Corporation, its creditors and other parties in interest to authorize the Company to negotiate and enter into a sale transaction (collectively, the "Transaction") in

accordance with the terms of the Summary of Proposed Terms for Proposed 363 Sale (the "363 Term Sheet"), dated July 7, 2020, with CF SLTD Holdings LLC (the "Stalking Horse Purchaser"), subject to a competitive process that will solicit bids for higher and better offers for the Company's assets; and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of each Corporation, to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of any agreements, certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of the Transaction, including, but not limited to, any asset purchase agreement and ancillary documents related thereto (collectively, the "Transaction Documents"); and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of each Corporation, to take any and all actions to (i) obtain Bankruptcy Court approval of the Transaction Documents in connection with the Transaction and (ii) obtain Bankruptcy Court approval of the Transaction; and

RESOLVED FURTHER, that in connection with the Bankruptcy Cases, and in furtherance of the Transaction, the Strategic Planning Committee, with full power and authority of the Board, has determined it desirable and in the best interests of each Corporation, its creditors, and other parties in interest that, if necessary, the Company enter into such debtor-in-possession financing term sheet with the Stalking Horse Purchaser (the "DIP Term Sheet"), as described in the 363 Term Sheet, that provides the best available terms for debtor-in-possession financing and for the use of cash collateral of the Company's existing senior secured lenders (the "Existing Lenders"); and each Authorized Officer is authorized and empowered to enter into and obtain post-petition financing according to the terms of the DIP Term Sheet, including, as necessary, negotiate debtor-in-possession credit facilities and, to enter into agreements for such debtor-in-possession financing and for the use of cash collateral (collectively, "Financing"); and to to provide adequate protection to the and incur obligations related thereto, and to pledge and grant liens on the assets of the Company, as may be contemplated by or required under the terms of such Financing; and in connection therewith, each Authorized Officer is hereby authorized and directed to execute any appropriate loan agreements, cash collateral agreements, related ancillary documents, supplemental agreements, instruments, amendments, restatements, amendment and restatements, modifications, renewals, replacements, consolidations, substitutions, extensions, bills, notes, or certificates on behalf of the Company which shall be necessary, proper or advisable in order to perform the obligations of the Company under or in connection with any of the foregoing; and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them hereby is, empowered, authorized and directed to continue to retain, on behalf of each Company, the law firm of Cole Schotz P.C. ("Cole Schotz") to render general legal advice and in the event that the Petitions are filed, to represent the Companies in connection with such proceedings and all other related matters in connection therewith, in such capacity and on such terms as the Authorized Officers may approve and/or have previously approved; and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them hereby is, empowered, authorized and directed to continue to retain, on behalf of each Company, SOLIC to serve as financial advisor and investment banker to each Company and in the event that the Petitions are filed, to continue to provide such services to each Company in connection with such proceedings and all other related matters in connection therewith, in such capacity and on such terms as the Authorized Officers may approve and/or have previously approved; and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them hereby is, empowered, authorized and directed to continue to retain, on behalf of each Company, A&G Realty Partners, LLC ("A&G") to serve as real estate advisor to each Company and in the event that the Petitions are filed, to continue to provide such services to each Company in connection with such proceedings and all other related matters in connection therewith, in such capacity and on such terms as the Authorized Officers may approve and/or have previously approved; and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them hereby is, empowered, authorized and directed to continue to retain, on behalf of each Company, the contractual joint venture comprised of Great American Group, LLC and Tiger Capital to serve as consultant to assist the Company in the sale of the Company's merchandise and furniture, fixtures and equipment at stores the Company that the Committee has targeted for closure and in the event that the Petitions are filed, to continue to provide such services to each Company in connection with such proceedings and all other related matters in connection therewith, in such capacity and on such terms as the Authorized Officers may approve and/or have previously approved; and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them hereby is, empowered, authorized and directed to continue to retain, on behalf of each Company, Omni Agent Solutions ("Omni") to serve as claims and noticing agent and administrative agent to represent and assist each  Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company in the Bankruptcy Cases, including with respect to noticing, claims management and reconciliation, plan solicitation, balloting, disbursements and assisting with the preparation of the schedules of assets and liabilities and statements of financial affairs of the Company; and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them hereby is, empowered, authorized and directed, on behalf of each Company, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Cases to retain and employ other attorneys, accountants and other professionals to assist in the Bankruptcy Cases on such terms as are deemed necessary, proper or desirable; and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them hereby is, empowered, authorized and directed to execute any appropriate engagement letters and agreements and such other documents necessary to retain Cole Schotz, SOLIC, A&G, Omni and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel and other professionals not specifically identified herein (the "Professionals"), and to cause the Companies to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Cases or after to the extent appropriate and permitted in the Bankruptcy Cases, and to cause to be

filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals; and it is

RESOLVED FURTHER, the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate the commencement of chapter 11 cases; and it is

RESOLVED FURTHER, with the full power and authority of the Board, the Strategic Planning Committee, and each member thereof, is hereby authorized and empowered to do all acts, and enter into all such agreements, at the Company's expense, as may be necessary or appropriate in its or his judgment to carry out the duties of the Strategic Planning Committee contemplated by these resolutions; and it is

RESOLVED FURTHER, that any specific resolutions that may be required to have been adopted by the Strategic Planning Committee, as so authorized by the Board, in connection with the actions contemplated by the foregoing resolutions be, and they hereby are, adopted, and the executive officers of the Company be, and each of them acting alone hereby is, authorized to certify as to the adoption of any and all such resolutions and attach such resolutions hereto; and it is

RESOLVED FURTHER, that all actions heretofore taken by any officer or the Company in connection with, or otherwise in contemplation of, the transactions contemplated by any of the foregoing resolutions be, and they hereby are, ratified, confirmed and approved; and it is

RESOLVED FURTHER, that the executive officers of the Company be, and each of them acting alone hereby is, authorized and empowered on behalf of the Company and in its name to take or cause to be taken all actions and to execute and deliver all such instruments which the executive officers of the Company or any one or more of them, approve as necessary or desirable in connection with the foregoing resolutions, such approval to be conclusively evidenced by the taking of such action or the execution and delivery of any such instrument by an officer of the Company.

Dated: this 7th day of July, 2020

Charles Sweet, Chairman

_____

Kevin Keough

_____

Michael Emmet

_____

Jason Goldberger

_____
Charles Sweet, Chairman

_____
Kevin Keough

_____
Michael Emmet

_____
Jason Goldberger

_____
Charles Sweet, Chairman


_____
Kevin Keough


_____
Michael Emmet


_____
Jason Goldberger

_____
Charles Sweet, Chairman


_____
Kevin Keough


_____
Michael Emmet


_____
Jason Goldberger